# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER A. BAROSH, : | |
|    Plaintiff, : | |
| : | No. 1:19-cv-322 |
| v. : | |
| : | Judge Sylvia H. Rambo |
| JOSH SHAPIRO, *et al.*, : | |
|    Defendants. : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On February 25, 2019, the Court received from Plaintiff Christopher A. Barosh, a State inmate currently incarcerated at SCI Benner Township, a document entitled "Habeas Corpus for Mandamus to Obtain Documents and for Injunction to Prevent Spoliation and to Estop Violations of Federal Constitutional Rights," naming as Defendants Attorney General Josh Shapiro and Lawrence Krasner, the District Attorney for Philadelphia. (Doc. No. 1.) On February 27, 2019, Magistrate Judge Carlson entered a Report and Recommendation (Doc. No. 5), recommending that Barosh's Complaint be dismissed without prejudice "to the plaintiff endeavoring to correct the defects cited in this report" (*id.* at 18). Magistrate Judge Carlson also recommended, in the alternative, that this matter be dismissed for lack of venue or that it be transferred to the United States District Court for the Eastern District of Pennsylvania. (*Id.* at 17.)

Subsequently, by Order entered on March 1, 2019, Magistrate Judge Carlson granted Barosh leave to proceed *in forma pauperis* and noted that Barosh must pay the $350.00 filing fee in installments "regardless of the outcome of the litigation." (Doc. No. 8.) On March 7, 2019, the Court received Barosh's objections to the Report and Recommendation (Doc. No. 9), as well as his brief in support of the objections (Doc. No. 10). On March 14, 2019, the Court received a "Petition for Coram Nobis Correction" from Barosh. (Doc. No. 13.) In that document, Barosh indicates that the filing fee for this action should have been $5.00 because he filed it as a *habeas corpus* petition, and asks that this be corrected. (*Id.* at 1-2.) Barosh further asks to withdraw this matter if the "filing fee is in fact to be $350.00 and not $5.00 as [he] was informed at SCI Benner Township Law Library." (*Id.* at 2.)

By Order entered on March 27, 2019, the Court informed Barosh that because he seeks a writ of mandamus against Shapiro and Krasner, this action was opened as a petition for a writ of mandamus, and thus the $350.00 filing fee applies. (Doc. No. 14.) The Court reminded Barosh that he must pay the $350.00 regardless of the outcome of this litigation. (*Id.*) The Court therefore directed Barosh to respond, within fourteen (14) days, indicating whether he still desired to withdraw this action. (*Id.*)

The Court received Barosh's response on April 11, 2019. (Doc. No. 16.) In his response, Barosh requests that he be granted leave to file an amended complaint

within sixty (60) days. (*Id.* at 1-2.) He contends that within that time, "he will be able to correct the substantive and procedural mistakes in his filed [p]leading, and then move the Amended Complaint with the clearly enunciated facts to this Honorable Court for adjudication." (*Id.* at 2.)

Prior to determining whether to grant Barosh leave to file an amended pleading, the Court will consider his objections (Doc. Nos. 9, 10) to Magistrate Judge Carlson's Report and Recommendation (Doc. No. 5) regarding his initial pleading. In considering whether to adopt the Report and Recommendation, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the report for clear error). In the Report and Recommendation, Magistrate Judge Carlson concluded that Barosh's pleading failed to state a claim for relief because: (1) Barosh is not entitled to a writ of mandamus; (2) the *Rooker-Feldman* doctrine precludes consideration of his case; (3) the *Younger* abstention doctrine applies; and (4) venue in this Court does not appear to be proper. (Doc. No. 5 at 6-17.) Barosh objects to all of those conclusions (Doc. Nos. 9, 10), but now, as indicated in his response to the Court's March 27, 2019,

appears to concede that his initial pleading contains "substantive and procedural mistakes" (Doc. No. 16 at 2.)

Following an independent review of the record, the Court is satisfied that Magistrate Judge Carlson's Report and Recommendation contains no clear error, and will therefore adopt the Report and Recommendation to the extent it recommends dismissing Barosh's initial pleading without prejudice to allowing him to file an amended pleading. Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Carlson's Report and Recommendation (Doc. No. 5) is **ADOPTED** to the extent that it recommends dismissing Barosh's pleading (Doc. No. 2) without prejudice to his right to file an amended pleading;

2. Barosh's objections (Doc. Nos. 9, 10) are **OVERRULED**; and

3. Barosh is granted leave to file an amended pleading within sixty (60) days of the date of this Order. Barosh is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and to address the defects of his initial pleading as set forth by Magistrate Judge Carlson in his Report and Recommendation. Barosh's failure to file an amended pleading will result in the dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

s/Sylvia H. Rambo<br>SYLVIA H. RAMBO<br>United States District Judge

Dated: April 16, 2019