## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER A. BAROSH,    :
    Plaintiff,    :
        :    **No. 1:19-cv-322**
    v.    :
        :    **(Judge Rambo)**
NADINE RAMIREZ, *et al.*,    :
    Defendants    :

## MEMORANDUM

This matter is before the Court pursuant to the motions to dismiss *pro se* Plaintiff Christopher A. Barosh ("Plaintiff")'s amended complaint (Doc. No. 19) filed by Defendants Jeffrey Cohen ("Cohen") (Doc. No. 34) and Defendants Dawn Farrell ("Farrell") and the Philadelphia District Attorney's Office ("DAO") (Doc. No. 49). After receiving extensions of time until December 15, 2019 to respond (Doc. Nos. 44, 46, 62, 63), Plaintiff has filed only a response to Defendant Cohen's motion to dismiss and has not sought leave for an additional extension to respond to the motion to dismiss filed by Defendants Farrell and the DAO. (Doc. Nos. 70, 71.) Defendant Cohen has filed neither a reply brief nor a motion seeking an extension of time to do so. Accordingly, both motions to dismiss are ripe for disposition. For the reasons set forth below, the Court will grant both motions to dismiss.

## I. BACKGROUND

Plaintiff initiated the above-captioned suit while incarcerated at the State Correctional Institution Benner Township in Bellefonte, Pennsylvania to serve

"consecutive sentences of "6 ½ to 19 years incarceration for the crime of arson, and . . . 6 to 36 months incarceration for the crime of insurance fraud." *Pennsylvania v. Barosh*, No. 100008461, 2013 WL 9685917, at \*1 (Phila. C.C.P. Nov. 12, 2013). Plaintiff was convicted and sentenced for these crimes after "set[ting] fire to a home owned by his girlfriend just before an insurance policy taken out for the property was about to be cancelled." *Commonwealth v. Barosh*, No. 1103 EDA 2013, 2014 WL 10790208, at \*1 (Pa. Super. Ct. Oct. 7, 2014).

Starting in 2014, Plaintiff began filing numerous requests under Pennsylvania's Right-to-Know Law, as well as several lawsuits. (Doc. No. 19 ¶¶ 22-23), *see also City of Philadelphia v. Barosh*, Nos. 767 C.D. 2017, 768 C.D. 2017, 769 C.D. 2017, 770 C.D. 2017, 2018 WL 2124245, at \*2 (Pa. Commw. Ct. May 9, 2018). In December 2014, Plaintiff filed suit against David Tarmin, who had been a witness at his criminal trial, and other individuals. *See generally Barosh v. Tarmin*, No. 14120790 (Phila. C.C.P.). As part of that litigation, Plaintiff sought to issue a subpoena to the City of Philadelphia, which filed a motion to quash and for a protective order. (Doc. No. 34-4.) As part of its motion, the City included an affidavit from Defendant Cohen, who was then an Assistant City Solicitor who provided representation to City departments for processing Right-to-Know requests, explaining the burden that Plaintiff's Right-to-Know requests had placed on the

City's Law Department. (Doc. No. 34-5.) On November 24, 2015, the presiding judge granted the City's request for a protective order, noting that Plaintiff had engaged "in a pattern of unreasonable annoyance, embarrassment, oppression, burden and/or expense in the service of repeated requests for information from the City of Philadelphia." *See Barosh*, 2018 WL 2124245, at *2.

Plaintiff initiated the above-captioned case on February 25, 2019 by filing a complaint against the Pennsylvania Attorney General and the Philadelphia District Attorney, seeking a writ of mandamus to prevent them from using the November 2015 protective order against him. (Doc. No. 1.) On February 27, 2019, Magistrate Judge Carlson recommended that Plaintiff's complaint be dismissed without prejudice. (Doc. No. 5.) In an Order dated April 16, 2019, the Court adopted Magistrate Judge Carlson's Report and Recommendation, dismissed Plaintiff's complaint, and granted him leave to file an amended complaint within sixty (60) days. (Doc. No. 18.) The Court received Plaintiff's amended complaint on June 18, 2019. (Doc. No. 19.)

In his amended complaint, Plaintiff alleges that DOC officials have interfered with his mail, legal materials, and access to the prison law library. (*Id.* ¶¶ 39-40, 42, 44, 46, 48-49.) For example, he alleges that in July of 2016, Defendant Ramirez fired him from his job at the law library "without cause." (*Id.* ¶ 40.) From 2018

through June 10, 2019, DOC officials destroyed Plaintiff's legal work, issued several write-ups, ordered searches of his cell, and marked numerous pieces of his incoming legal mail as "refused" without providing him notice. (*Id.* ¶ 42.) In May of 2019, Defendant Ramirez banned Plaintiff from the law library for life. (*Id.* ¶ 44.) Plaintiff alleges that DOC counsel subsequently informed Defendant Ramirez that a lifetime ban was unconstitutional. (*Id.* ¶ 45.) On June 4, 2019, Defendant Ramirez informed Plaintiff that she was banning him from using the general library for life, banning him from the law library every Saturday, Sunday, Monday, Tuesday, and Wednesday evenings, and banning him from using the law library's word processing computers. (*Id.* ¶ 47.) Plaintiff alleges that Defendant Ramirez posted his name and inmate number in the library and directed other inmates to "prevent and punish Plaintiff for any infraction of her lifetime ban and sanction." (*Id.* ¶ 49.)

With respect to Defendant Cohen, Plaintiff's only allegation is that he did not provide information in response to requests and subpoenas Plaintiff submitted from the fall of 2017 through 2018. (*Id.* ¶ 34.) With respect to Defendants Farrell and the DAO, Plaintiff alleges that in December of 2015, Defendant Farrell "was found to have entered upon the duties of office without authorization by failing to file [a] statement of financial interests as required." (*Id.* ¶ 28.) He further claims that in March of 2016, his ethics complaint against Defendant Farrell "was deemed founded

4

and [she] was sanctioned." (*Id.* ¶ 31.) Plaintiff maintains that Defendants Farrell and the DAO have used the protective order mentioned above to threaten, harass, and intimidate him. (*Id.* ¶¶ 41, 51, 62.) He alleges further that Defendants entered a conspiracy to thwart his attempts to be granted parole. (*Id.* ¶¶ 68-70.) In support of this allegation, Plaintiff cites a letter Defendant Farrell sent to Judge Wogan, Plaintiff's sentencing judge, on March 7, 2014, informing him that Plaintiff had filed suit against two (2) of his victims and stating: "I have contacted an attorney at the [DOC] as well as SCI Benner Township where Mr. Barosh is currently being housed. I wanted to bring this to your attention as well. Needless to say I will be retaining copies of everything in anticipation of future parole petitions." (*Id.* ¶¶ 69-70 & Ex. A.)

Based on these allegations, Plaintiff asserts that Defendants conspired to retaliate again him for his use of the DOC's grievance system as well as his submission of various Right-to-Know requests and lawsuits. (*Id.* ¶¶ 86-95.) Plaintiff also suggests that Defendants conspired to deny him access to the courts, due process, and equal protection, and to violate his Eighth Amendment rights to be free from cruel and unusual punishment by banning him from: (1) the law library, (2) attending Jewish services, (3) receiving legal mail, and (4) engaging in rehabilitative activities, as well as by using the protective order "outside the context of the closed

case." (Doc. No. ¶ 96-102.) Plaintiff seeks declaratory and injunctive relief, as well as damages.[1]

## II. STANDARD OF REVIEW

### A. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer

---

[1] Plaintiff also suggests that Defendants' actions have violated his rights under Article I of the Pennsylvania Constitution. Pennsylvania, however, "does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, --- F. App'x ----, No. 18-2605, 2019 WL 4942258, at *2 (3d Cir. Oct. 8, 2019). Accordingly, Plaintiff's claims for damages brought pursuant to the Pennsylvania Constitution are subject to dismissal.

more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice,

matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## B. Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III.  DISCUSSION

### A.  Official Capacity Claims Against Defendants Cohen and Farrell

Plaintiff indicates that he has sued Defendants Cohen and Farrell in both their individual and official capacities. (Doc. No. 19 at 1-2.) Suits against municipal employees in their official capacities are, "in all respects other than name, to be treated as a suit against the [municipal] entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A plaintiff may pursue a § 1983 claim against a municipality under two

(2) theories. *See Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). First, a plaintiff may allege "that an unconstitutional policy or custom of the municipality led to . . . [his] injuries." *Id.* Under this theory, the plaintiff must identify a particular "unconstitutional municipal policy or custom." *Id.* A policy is an official proclamation, policy, or edict issued by a municipal employee with "final authority" over policymaking. *Id.* A custom, by contrast, is "a given course of conduct, although not specifically endorsed or authorized by law, [that] is so well-settled and permanent as virtually to constitute law." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019). Referencing an allegedly unconstitutional policy or custom is not enough, however. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.*

Under the second theory, a plaintiff must demonstrate that his injuries "were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'" *Forrest*, 930 F.3d at 105 (quoting *Estate of Roman*, 914 F.3d at 798). To state a claim under this theory, a plaintiff must allege "deliberate indifference on the part of the municipality." *Id.* at 106. Deliberate indifference consists of the following three (3) components: that "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a

difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

The same analysis for a claim against the municipality "applies to the individual officials, as sued in their official capacities." *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 150 n.11 (3d Cir. 2017). Plaintiff, however, fails to state a claim under either theory set forth above. Plaintiff's amended complaint identifies no unconstitutional municipal policy or custom that allegedly caused his injuries. Moreover, Plaintiff's amended complaint is devoid of facts suggesting that his injuries were caused by a failure or inadequacy by the municipality. Accordingly, Plaintiff's official capacity claims against Defendants Cohen and Farrell are subject to dismissal.

### B. Individual Capacity Claims Against Defendant Cohen

The Court's liberal reading of Plaintiff's amended complaint suggests that Plaintiff is raising a First Amendment retaliation claim against Defendant Cohen based upon Defendant Cohen's failure to respond to Plaintiff's subpoenas and requests for information. (Doc. No. 19 ¶¶ 34, 86-95.)[2] To plead a retaliation claim

---

[2] Plaintiff also vaguely suggests that Defendants conspired to deny him access to the courts, due process, and equal protection, and to violate his Eighth Amendment rights to be free from cruel and unusual punishment by banning him from: (1) the law library, (2) attending Jewish services, (3) receiving legal mail, and (4) engaging in rehabilitative activities, as well as by using the protective order "outside the context of the closed case." (Doc. No. ¶ 96-102.) As discussed below, however, Plaintiff's amended complaint fails to set forth a plausible claim of civil

under the First Amendment, a plaintiff must allege facts in support of the following elements: (1) constitutionally protected conduct, (2) adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the adverse action. *See Thomas v Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). To establish the necessary causal link, a plaintiff must show: "(1) an unusually suggestive time proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with timing to establish a causal link." *Carroll v. Clifford Twp.*, No. 3:12-cv-553, 2012 WL 3288084, at *4 (M.D. Pa. Aug. 10, 2012) (citing *DeFranco v. Wolfe*, 387 F. App'x 147, 155 (3d Cir. 2010)).

Plaintiff engaged in constitutionally protected conduct by pursuing subpoenas and Right-to-Know Requests. *See Downs v. Borough of Jenkintown*, No. 18-4529, 2019 WL 1383802, at *4 (E.D. Pa. Mar. 26, 2019) (concluding that plaintiffs engaged in constitutionally protected conduct when they, *inter alia*, "made Right to Know requests"). Plaintiff's amended complaint, however, is devoid of any

---

conspiracy against Defendants. Moreover, nothing in the amended complaint plausibly suggests that Defendant Cohen was involved in any of the decisions regarding the denial of certain conditions while Plaintiff was incarcerated. Finally, Plaintiff does not allege, and the Court does not discern, how his Eighth Amendment rights were violated by use of the protective order in order to not respond to Plaintiff's subpoenas and information requests.

allegations suggesting that Defendant Cohen took any adverse action against him for attempting to pursue subpoenas and Right-to-Know requests. In his response to Defendant Cohen's motion to dismiss, Plaintiff suggests, for the first time, that Defendant Cohen "admits to . . . directing others to interfere and stop Plaintiff from exercising [his] constitutional rights" and that Defendant Cohen "present[ed] known false documents to multiple agencies regarding Plaintiff such as fabricated assets to [affect] Plaintiff's in forma pauperis status." (Doc. No. 71 at 7.) It is axiomatic, however, "that the company may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Even if the allegations contained in Plaintiff's brief in opposition were properly before the Court, they are insufficient to plausibly suggest that Defendant Cohen engaged in adverse action against Plaintiff. Moreover, as discussed below, Plaintiff's amended complaint fails to establish the existence of a plausible conspiracy among Defendant Cohen and the other named Defendants to violate Plaintiff's constitutional rights. Accordingly, the Court will dismiss Plaintiff's retaliation claim against Defendant Cohen.

### C.    Individual Capacity Claims Against Defendants Farrell

Plaintiff vaguely suggests that Defendant Farrell violated his constitutional rights in various ways. However, the amended complaint only contains the

following factual assertions against Defendant Farrell: (1) in December of 2015, Plaintiff learned that Defendant Farrell had "entered upon the duties of office without authorization by failing to file [a] statement of financial interests as required" (Doc. No. 19 ¶ 28); (2) in March of 2016, Plaintiff's ethics complaint against Defendant Farrell "was deemed founded and [she] was sanctioned" (*id.* ¶ 31); and (3) Defendant Farrell wrote a letter to Judge Wogan informing him that Plaintiff had filed suit against two (2) of his victims (*id.* ¶¶ 69-70 & Ex. A).

As an initial matter, the documents of public record attached to Defendant Farrell's brief refute Plaintiff's claims regarding the statement of financial interest and the ethics complaint. Those documents indicate that on December 8, 2015, in response to Plaintiff's request seeking her statement of financial interest, Defendant Farrell averred that she was not in possession of a copy of such document. (Doc. No. 51 at 41.) Moreover, the Pennsylvania's Disciplinary Board website does not contain a record of any sanction being imposed against Defendant Farrell in March of 2016. (*Id.* at 43-56.) In any event, Plaintiff does not explain, and the Court does not discern, how Defendant Farrell's alleged failure to file a statement of financial interests and the fact that she was allegedly sanctioned for an ethics complaint violated Plaintiff's constitutional rights.

With respect to Plaintiff's allegation concerning the letter to Judge Wogan, Defendant Farrell argues that she is entitled to absolute immunity for this claim. (Doc. No. 51 at 8-9.) "[A] state prosecuting attorney who act[s] within the scope of his [or her] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). The Third Circuit has concluded that "absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings . . . where the prosecutor is personally involved . . . and continues his [or her] role as an advocate." *Yarris v. Cty. of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006); *see also Higgs v. Prezioso*, No. 06-5815 (RMB), 2007 WL 1521118, at *9 (D.N.J. May 18, 2007) (noting that absolute prosecutorial immunity extends to parole proceedings).

Here, Plaintiff suggests that Defendant Farrell's actions in notifying Judge Wogan and DOC officials about Plaintiff's lawsuit against two (2) of his victims, as well as her statement that she would be retaining copies of his lawsuits "in anticipation of future parole petitions," impeded Plaintiff's previous attempts to be granted parole. (Doc. No. 19 ¶¶ 68-70.) By doing so, however, Defendant Farrell was continuing in her role as an advocate for the Commonwealth of Pennsylvania. *See, e.g.*, *Johnson v. Kegans*, 870 F.2d 992, 995-98 (5th Cir. 1989) (concluding that absolute prosecutorial immunity barred inmate's § 1983 claim arising from

prosecutor's negative recommendation letter to the parole board); *Daloia v. Rose*, 849 F.2d 74, 75 (2d Cir. 1988) (concluding that prosecutor's act of transmitting records related to inmate's criminal conduct to parole authorities was "intimately associated with the judicial phase of the criminal process" and therefore entitled to absolute immunity); *Higgs*, 2007 WL 1521118, at *9 (concluding that absolute prosecutorial immunity applied to inmate's claim that prosecutor made misleading statements to the parole board, causing inmate's incarceration to be prolonged); *cf. Phillips v. Miller*, No. 3:09-cv-555, 2010 WL 771793, at *5-6 (M.D. Pa. Feb. 26, 2010) (concluding that staff attorney was entitled to absolute prosecutorial immunity from plaintiff's claim that she used false statements and used records from his past incarceration to present his child support case, preventing him from being released early). Accordingly, the Court will dismiss Plaintiff's claims against Defendant Farrell as barred by absolute prosecutorial immunity.

### D. Claims Against the DAO

Defendant DAO seeks dismissal of Plaintiff's claims against it on the basis that it is not an entity capable of being sued under § 1983. (Doc. No. 51 at 5-6.) The weight of authority suggests that this is true. *See, e.g.*, *Fullman v. City of Philadelphia*, No. 17-2673, 2017 WL 3293544, at *2 (E.D. Pa. July 31, 2017); *Ekwunife v. City of Philadelphia*, 245 F. Supp. 3d 660, 667 (E.D. Pa. 2017); *Estate*

*of Tyler ex rel. Floyd v. Grossman*, 108 F. Supp. 3d 279, 288 (E.D. Pa. 2015); *see also Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (concluding that the Bucks County District Attorney's Office was "not an entity for purposes of § 1983 liability"). Two courts within the Eastern District of Pennsylvania, however, have concluded that the DAO is an entity that may be sued under § 1983. *See Quintana v. City of Philadelphia*, No. 17-996, 2017 WL 3116265, at *3-4 (E.D. Pa. July 21, 2017); *Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711-12 (E.D. Pa. 2015). The Court need not decide whether the DAO is a proper entity under § 1983 at this time because, even assuming that Plaintiff can proceed against the DAO, he has failed to set forth a municipal liability claim against that entity. *See Harper v. City of Philadelphia*, No. 18-cv-365, 2018 WL 5784549, at *2 (E.D. Pa. Nov. 2, 2018) (noting that claims against the DAO must allege that "a DAO policy or custom caused the violations of rights . . . allege[d]"). As discussed *supra*, Plaintiff's amended complaint identifies no unconstitutional DAO policy or custom that allegedly caused his injuries. Moreover, Plaintiff's amended complaint is devoid of facts suggesting that his injuries were caused by a failure or inadequacy by the DAO. Accordingly, Plaintiff's claims against Defendant DAO will be dismissed.

### E. Civil Conspiracy Claims

As noted above, Plaintiff also alleges that Defendants Cohen, Farrell, and the DAO conspired with the DOC Defendants to violate his constitutional rights. In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that individuals "acting under color of state law conspired to deprive him of a federally protected right." *Watson v. Sec'y Pa. Dep't of Corr.*, 436 F. App'x 131, 137 (3d Cir. 2011). A plaintiff must plead an actual agreement amongst the parties. *Id.* Because the "linchpin for conspiracy is agreement, concerted action without more cannot suffice to state a conspiracy claim." *Id.* A plaintiff must provide "specific allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan or conspire to carry out the challenged conduct." *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000); *see also Wood v. Williams*, 568 F. App'x 100, 107 (3d Cir. 2014). "A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions." *Capogrosso v. Supreme Ct. of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Rather, a plaintiff must allege in specific "terms the approximate time when the agreement was made, the specific parties to the agreement . . ., the period of the conspiracy, or the object

of the conspiracy." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010).

The Court agrees with Defendants Cohen, Farrell, and the DAO that Plaintiff's allegations are insufficient to maintain a plausible civil conspiracy claim under § 1983. Rather, Plaintiff's conspiracy claims appear to be based "upon his own suspicion and speculation." *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991). Plaintiff's amended complaint is devoid of any specific allegations regarding any communications or agreements between the named Defendants. Moreover, Plaintiff's citation to Defendant Farrell's letter to Judge Wogan is insufficient to establish the existence of a civil conspiracy. Nothing in the letter could plausibly be construed as an agreement to deprive Plaintiff of his constitutional rights. Indeed, to the extent Plaintiff alleges that Defendants conspired to thwart his attempts to be granted parole, there is no constitutional right to be released on parole. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Overall, Plaintiff bases his conspiracy claims on general allegations and, perhaps, assumptions that his losses in state court, as well as his inability to obtain responses to his various requests and subpoenas, stemmed from something nefarious. However, "merely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor." *Dennis v. Sparks*, 449 US. 24, 28

(1980). Accordingly, because Plaintiff's amended complaint does not provide facts supporting a vast, plausible conspiracy among Defendants, the Court will dismiss his conspiracy claims.[3]

## F.     Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "A district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564

---

[3] As noted *supra*, Plaintiff has named a John Doe individual as a Defendant in this matter. Plaintiff states that John Doe "is a private actor, who acted under the color of state law, with or at the direction of named Defendants." (Doc. No. 19 ¶ 16.) As an initial matter, Plaintiff's amended complaint is devoid of any factual allegations related to John Doe. For that reason alone, his claims against John Doe are subject to dismissal. *See Robinson v. Wheary*, No. 1:16-cv-2222, 2017 WL 2152365, at *1-2 (M.D. Pa. May 17, 2017) (dismissing complaint pursuant to screening provisions of 28 U.S.C. § 1915(e)(2) where "the caption of the complaint names numerous individual defendants, [but] contains no well-pleaded factual averments relating to these specific defendants in the body of the complaint"). Moreover, given the absence of factual allegations supporting the existence of a conspiracy, there is also no basis for concluding that John Doe could be a state actor who would be subject to liability under § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[W]e have explained that the principal question at stake [in determining whether a private actor can be considered to have acted under color of state law] is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.")). Accordingly, the Court will dismiss Plaintiff's claims against Defendant John Doe. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . .").

20

F. App'x 672 (3d Cir. 2014) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

The Court finds that it would be futile to allow Plaintiff to amend his claims against Defendant Farrell because his claims against her are barred by absolute prosecutorial immunity. Likewise, it would be futile to permit Plaintiff leave to amend his claims for damages under the Pennsylvania Constitution. However, with respect to Plaintiff's § 1983 claims for against Defendants Cohen, the DAO, and John Doe, it is neither clear that amendment would be futile nor is there any basis to believe it would be inequitable. Accordingly, Plaintiff will be granted leave to file a second amended complaint as to his claims against these Defendants.

## IV. CONCLUSION

For the foregoing reasons, the motions to dismiss filed by Defendant Cohen (Doc. No. 34) and Defendants Farrell and the DAO (Doc. No. 49) will be granted. The Court will also dismiss Plaintiff's claims against Defendant John Doe pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismiss his claims for damages pursuant to the Pennsylvania Constitution. The Court will grant Plaintiff leave to file a second amended complaint regarding his § 1983 claims for damages against Defendants Cohen, the DAO, and John Doe. Plaintiff will not be permitted to amend his claims

against Defendant Farrell and his claims seeking damages under the Pennsylvania

Constitution.  An appropriate Order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

January 27, 2020